**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**NAPOLEON MADRID,**

***Plaintiff*,**

**v.** **Case No. SA-26-CV-04154-JKP**

**SHELLPOINT MORTGAGE SERVICING,**

***Defendant*.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Shellpoint Mortgage Servicing's (Shellpoint) Motion to Dismiss for Failure to State a Claim. *ECF No. 5*. Plaintiff Napoleon Madrid did not respond although he received the Motion and received Shellpoint's notice of pleading deficiencies provided pursuant to this Court's Standing Order. *See id.* Upon consideration, the Motion to Dismiss is **GRANTED**.

**Factual Background**

In the Petition filed in state court, Madrid alleges he owns the property that is the subject of this suit, and he made payments and attempted payments on a mortgage loan. Madrid does not allege to be a party to the note or deed of trust, nor does he plead facts establishing himself as a third-party beneficiary of the subject deed of trust. *ECF No. 1-1*. Madrid alleges that on May 5, 2026, he learned the Property was scheduled for foreclosure sale on July 7, 2026. *Id. at p. 14*. Madrid also seeks a Temporary Restraining Order and Preliminary Injunction alleging the fore-

closure should not take place because Shellpoint refused payments, rejected a certified check, and declined an offer of $3,000 to bring the account current. *Id*. and *ECF No. 6*.

In this Motion, Shellpoint attests and shows the Property was previously the subject of an expediated order proceeding styled In Re: Order of Foreclosure Concerning 7811Wild Eagle St. San Antonio, TX 78255 filed in Bexar County District Court on September 29, 2025. *ECF No. 5., exh. B, Texas Rule 736 Application*. The Home Equity Note and Security Instrument identify Mary A. Ximines, fka Mary Villarreal, and Frank F. Villarreal as the borrowers and owners of the Property. *Id. at Exhs. 1A, 1B*. Later, Frank F. Villarreal was divested of his interest in the Property and indemnified by Ms. Ximines for payment of the Home Equity Note by a Final Decree of Divorce. *Id*.

On April 8, 2026, the Bexar County District Judge in that state-court suit signed an order authorizing "a non-judicial foreclosure sale of the Property pursuant to the terms of the Note, the Deed of Trust, and § 51.005 of the Texas Property Code." *Id. at Exh C, Texas Rule 736 Order at 4*. Madrid filed this action in state court May 21, 2026. On July 23, 2026, after Madrid filed this action, he conveyed all interest in the Property to Aline Holdings, Inc. by a Special Warranty Deed filed in the Bexar County Public Records. *ECF 5-8, exh. D*. Shellpoint now files this Motion to Dismiss.

**Legal Standard**

**<u>Failure to Respond</u>**

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions to dismiss. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-

CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss without a response by Madrid.

**Motion to Dismiss**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could

prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

**Discussion**

In the Petition, Madrid asserts causes of action for wrongful foreclosure/attempted wrongful foreclosure, breach of contract, breach of good faith and fair dealing, and violation of state foreclosure law. *ECF No. 1-1, p. 15*. The Court will review the Petition in the light most favorable to Madrid.

**A. Attempted Wrongful Foreclosure**

In the Petition Madrid seeks only to stop a previously scheduled, but unexecuted, foreclosure sale and does not plead an actual foreclosure or pending foreclosure.

Texas law does not recognize a cause of action for attempted wrongful foreclosure. *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex.Civ.App.-Beaumount 1977, no writ); *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 544 (Tex. App.— Houston [14th Dist.] 2016, no pet.). Applying Texas law, district courts in the Fifth Circuit consistently hold that a cause of action for attempted wrongful foreclosure is not cognizable. *See e.g, Sauer v. Wells Fargo Bank, N.A.*, No. SA-12-CV-1085, 2013 WL 1824094, at *2 (W.D. Tex. Apr. 30, 2013); *Owens v. BAC Home Loans Servicing, L.P.*, No. CIV.A. 11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012); *Ramming v. JPMorgan Chase Bank, N.A.*, No. 10–5011, 2012 WL 1122791, at *3 n. 3 (S.D. Tex. Apr.3, 2012); *Thomas v. EMC Mortg. Corp.*, No. 4:10–CV–861, 2011 WL 5880988, at *6 (N.D. Tex. Nov.23, 2011); *Mortberg v. Litton Loan Servicing, L.P.*, 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011).

Because Madrid seeks only to stop a previously scheduled, but unexecuted, sale and does not plead an actual sale or dispossession took place, and because Texas does not recognize a cause of action for attempted wrongful foreclosure, he fails to state a plausible cause of action for wrongful foreclosure or attempted wrongful foreclosure. Thus, Shellpoint's Motion to Dismiss these causes of action will be granted.

**B. Breach of Contract**

In the Petition, Madrid does not plead the existence of a valid contract between himself and Shellpoint but alleges he owns the Property, and he made payments and attempted payments on a mortgage loan. Madrid does not allege to be a party to the Home Equity Note or the Deed of Trust held by Shellpoint, nor does Madrid plead facts establishing himself as a third-party beneficiary of the deed of trust.

The essential elements of a breach of contract cause of action are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018); *Watson v. Citimortgage, Inc.*, 814 F. Supp.2d 726, 732 (E.D. Tex. 2011). Thus, a prerequisite to holding a viable breach of contract cause of action is the plaintiff must be a party to the contract that is the subject of suit. *Smith v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-00682, 2016 WL 11472828, at *6 (E. D. Tex. Aug. 11, 2016), report and recommendation adopted, 2016 WL 4974899 (Sept. 19, 2016), aff'd, 699 Fed. Appx. 393 (5th Cir. 2017); *Kiper v. BAC Home Loans Servicing, LP*, No. 4:11-CV-3008, 2012 WL 5456105, at *2 (S.D. Tex. Nov. 6, 2012), aff'd sub nom. 534 F. App'x 266 (5th Cir. 2013).

Because Madrid is not a party to the contract that appears to be the subject of this cause of action, he does not assert a viable cause of action for breach of contract.

In addition, to assert a viable cause of action, a plaintiff must identify the particular provisions of the subject contract that he alleges the defendant breached. *Henderson v. Wells Fargo Bank, 779 F.Supp.3d*, 910, 916-17 (S.D. Tex. 2025) (quoting *Bayway Servs., Inc. v. Ameri-Build Const., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *Innova*

*Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F.Supp.2d 587, 603 (N.D. Tex. 2014)).

In the Petition, Madrid vaguely refers to a "reinstatement clause," but fails to identify the contract containing this alleged clause, the obligations created by the clause, or that he was party to the contract containing this clause. *ECF No. 1-1 at p. 15, ¶ 8*. Consequently, for this reason also, the Petition fails to state a viable cause of action for breach of contract.

**C. Breach of the Duty of Good Faith and Fair Dealing**

Construing the facts in the light most favorable to Madrid, the Court must presume Madrid contends Shellpoint breached a duty of good faith and fair dealing by failing to provide Madrid notice of the previously scheduled foreclosure pursuant to the terms of the Home Equity Note it held on the Property, although the Court does recognize Madrid is not a party to this Note.

Texas law does not recognize a duty of good faith and fair dealing in the lender-borrower relationship between lenders and borrowers absent a particular provision in the contract or a special relationship. *Hall v. Resol. Tr. Corp.*, 958 F.2d 75, 79 (5th Cir. 1992); *Olivas v. Midland Mortgage*, No. SA-22-CV-00907, 2023 WL 9105553, at *2 (W.D. Tex. Feb. 16, 2023).

Because Madrid does not allege to be a party to a contract with Shellpoint, does not allege a particular provision in any contract between the two that imparts a duty of good faith, nor does Madrid allege the existence of a special relationship between himself and Shellpoint, he cannot assert a viable cause of action for breach of the duty of good faith and fair dealing as a matter of law.

**D. Violation of State Foreclosure Law**

In the Petition, Madrid alleges Shellpoint violated "state rules and regulations and the law," and appears to invoke Texas Property Code foreclosure-notice provisions. *See* Tex Prop. Code § 51.002. Madrid contends Texas foreclosure law demands strict adherence, including proper Notice of Default and a valid opportunity to cure before acceleration or sale. *ECF No. 1-1 at p. 15, ¶ 8*.

To the extent Madrid asserts Shellpoint violated Texas Property Code § 51.002, this cause of action must fail as a matter of law because "there is no private right of action for violations of this statute" or to to enforce its provisions. *See Garcia v. Metro. Life Ins. Co.*, No. 1:19-CV 113, 2020 WL 826642, at *4 (S.D. Tex. Jan. 27, 2020), report and recommendation adopted, 2020 WL 824191 (Feb. 19, 2020). Texas courts construe such a cause of action as one of asserting wrongful foreclosure. *See, e.g., Morse v. Ditech Fin., LLC*, No. 4:16-CV-279, 2017 WL 4230550, at *11 (E.D. Tex. Sept. 25, 2017); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011).

To the extent Madrid asserts a cause of action for violation of Texas Property Code § 51.002, he fails to state a viable cause of action and fails to assert a viable cause of action for wrongful foreclosure as a matter of law.

## CONCLUSION

For the reasons stated, Shellpoint's Motion to Dismiss for Failure to State a Claim is **GRANTED**. *ECF No. 5*.

The pending Motion for Temporary Restraining Order and Preliminary Injunction are dismissed as moot. *ECF No. 6*.

Any other pending motions are dismissed as moot.

It is so ORDERED.
SIGNED this 15th day of September, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE